IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PROASSURANCE GRP. d/b/a/ EASTERN ALLIANCE INS. CO., | § § § | No. 55, 2025 |
| Defendant Below, Appellant, | § § § | Court Below–the Superior Court of the State of |
| v. | § § | Delaware |
| EDNA MANZ, | § § | C.A. No. N18C-03-092 |
| Plaintiff Below, Appellee. | § § | |

Submitted: September 10, 2025
Decided: November 7, 2025

Before **SEITZ**, Chief Justice; **TRAYNOR** and **GRIFFITHS**, Justices.

## **ORDER**

On this 7th day of November 2025, after careful consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Appellant ProAssurance Group d/b/a/ Eastern Alliance Ins. Co., a workers' compensation insurance carrier, appeals from a Superior Court decision denying subrogation rights for payments Appellee Edna Manz received from her employer's underinsured motorist carrier.  On appeal, ProAssurance asks us to decide whether our decision in *Horizon Servs. v. Henry* ("*Henry II*")[1] applies to the

---

[1]  304 A.3d 552 (Del. 2023).

instant case. The Superior Court concluded that it did not. We respectfully disagree and therefore reverse and remand for further proceedings.

(2)     While acting within the scope of her employment with Apis Services, Inc., Manz was involved in a motor vehicle accident.[2] At the time of the accident, Apis used ProAssurance as its workers' compensation carrier.[3] Following the accident, Manz filed a workers' compensation claim against ProAssurance. ProAssurance paid Manz $374,070.72 for medical expenses and lost wages, as well as a lump sum of $80,000.00 for all future workers' compensation entitlements.[4]

(3)     ProAssurance and Manz executed a settlement agreement to memorialize the settlement.[5] In the settlement agreement, ProAssurance and Manz stipulated that ProAssurance reserved "any lien rights against any recovery by [Manz] from any entity, to include any insurance carrier, as a result of the work accident."[6]

(4)     For the same accident, Manz separately recovered $8,571.00 from the driver who caused her injuries. Due to the insufficiency of that recovery, Manz filed

---

[2] *See Consol'd John Henry et al. v. Cincinnati Ins. Co.*, C.A. No. N18C-03-092, at p. 6 (Del. Super. Dec. 23, 2024) [Dkt. 88] [hereinafter "Op."].

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] App. to Appellant's Opening Br. at A12 (Affidavit of Edna Manz for the commutation of workers' compensation benefits) [hereinafter "A_"].

2

another claim with Apis's Underinsured Motorist policy ("UIM") carried by Philadelphia Insurance Companies ("PIC").[7] The UIM policy contained the following non-duplication clause:

> No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage Form or Medical Payments Coverage Endorsement attached to this Coverage Part. We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible, including all sums paid under the policy's Liability Coverage. We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.[8]

(5) On December 18, 2023, following an arbitration proceeding between Manz and PIC, the arbitrator awarded Manz $215,000.00 for her UIM claim.[9] ProAssurance subsequently asserted a lien on Manz's UIM award, alleging a right to subrogate on the UIM award under 21 *Del. C.* § 2363(e).[10] In response, Manz

---

[7] Op. at 6.

[8] A26 at ¶ D2 (non-duplication provision of the applicable Philadelphia Insurance Co. Policy).

[9] A33 (Arbitration Allocation).

[10] Op. at 8. The statute provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or the employee's dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under the Workers' Compensation Act to date of recovery, and the balance shall forthwith be paid to the employee or the employee's dependents or personal representative and shall be

3

filed a declaratory judgment action in the Superior Court seeking an order "declaring her proceeds from her UIM claim exempt from [ProAssurance's] lien," claiming that she was "only awarded monies not previously paid by her workers' compensation claim" due to the non-duplication clause contained in the UIM policy.[11] ProAssurance filed a motion for summary judgment, arguing, among other things, that this Court's opinion in *Henry II* applied to the instant case. According to ProAssurance, *Henry II* mandated subrogation for workers' compensation carriers against an injured employee's subsequent UIM recovery.[12]

(6) The Superior Court denied ProAssurance's motion, ruling that *Henry II* did not apply because "when Manz resolved her claims [with PIC] and acknowledged the application of [the non-duplication clause], *Henry II* [had not been] decided."[13] ProAssurance appealed.

(7) On appeal, ProAssurance argues that the Superior Court erred in ruling that *Henry II* did not apply here, because *Henry II* had been decided before Manz

---

treated as an advance payment by the employer on account of any future payment of compensation benefits, except that for items of expense which are precluded from being introduced into evidence at trial by § 2118 of Title 21, reimbursement shall be had only from the third-party liability insurer and shall be limited to the maximum amounts of the third party's liability insurance coverage available for the injured party, after the injured party's claim has been settled or otherwise resolved.

21 *Del. C.* § 2363(e).

[11] Op. at 7.

[12] A35, A56 (Appellant's Brief in support of its Motion for Summary Judgment below).

[13] Op. at 19.

arbitrated her UIM claim with PIC and also before she settled her workers' compensation claim with ProAssurance.[14]  Manz counters that even if *Henry II* predates the relevant events of this case, ProAssurance is still not entitled to assert a subrogation lien on her UIM award, because *Henry II* does not provide the workers' compensation carrier (in this case, ProAssurance) a guaranteed right to subrogation.[15]

(8)    "We review the Superior Court's decision on a motion for summary judgment *de novo*, applying the same standard as the trial court.  A motion for summary judgment will be granted on a claim when the moving party shows 'that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law.'"[16] We consider all facts in the light most favorable to the non-moving party.[17]

---

[14] Appellant's Opening Br. at 11–12.

[15] Appellee's Answering Br. at 14.  Appellee Manz argues that:

> In *Henry II*, this Court did not decide the seminal issue of whether the non-duplication clause in the UIM policy was valid. In withholding decision, this Court noted: 'It is possible that . . . there will be no [UIM] recovery that would be subject to a [] lien. . . the prudent course is to allow those facts to develop through litigation in the trial court rather than asking this Court to issue a hypothetical ruling in the first instance.' . . . . [ProAssurance's] position ignores the fact that the validity of a non-duplication clause in a UIM policy remained undecided by *Henry II*.

(citation omitted).

[16] *GMG Ins. Agency v. Edelstein*, 328 A.3d 302, 309 (Del. 2024) (citing *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009)).

[17] *Id*. (citations omitted).

(9)     We conclude that *Henry II* applies to the instant case and therefore reverse the Superior Court's ruling.  This Court decided *Henry II* in September 2023.[18] In November 2023, Manz finalized her settlement with ProAssurance and made her UIM demand with PIC.[19]  *Henry II* was therefore already the "law of the land" when Manz negotiated with the workers' compensation (ProAssurance) and UIM (PIC) carriers.

(10)    Although the Superior Court declined to apply *Henry II* to this case, the court nevertheless expressed the view that should *Henry II* apply, it would provide ProAssurance with a guaranteed right to receive reimbursement from Manz's UIM award.[20]  We find the Superior Court's reading of *Henry II* overbroad.

(11)    *Henry II* does not entitle workers' compensation carriers to a guaranteed subrogation right on an injured employee's subsequent UIM awards. Instead, in *Henry II*, this Court distinguished "boardable" and "non-boardable" damages suffered by an injured employee, and held that a workers' compensation carriers' right to subrogation under 21 *Del. C.* § 2363(e) is limited to boardable

---

[18] *See Henry II*.

[19] A11–13 (Affidavit of Edna Manz for the commutation of workers' compensation benefits, listing the settlement date as Nov. 14, 2023); A30–32 (Letter to arbitrator dated Nov. 28, 2023, re: "Neutral Assessment Exhibits: Edna Manz v. Philadelphia Ins. Co.").

[20] Op. at 19 ("The application of the non-duplication in Manz's case rises and falls on whether the decision in *Henry II* should be retroactively applied.").

damages.[21]  Under *Henry II*, non-boardable damages include, but are not limited to, those covered by Personal Injury Protection (PIP) policies,[22] and are not subject to subrogation.[23]  On remand, the Superior Court should apply these rulings of *Henry II* and should make factual determinations as to the amount, if any, of Manz's UIM award that is "boardable" and therefore subject to subrogation under this framework.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED and REMANDED for further proceedings consistent with this order.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[21] *See Henry II* at 563 ("Section 2363's reference to 'items of expense' that cannot be introduced at trial under 21 *Del. C.* § 2118 applies to . . . expenses that are not 'boardable.'").

[22] "PIP policy" refers to an insurance policy that provides "[c]ompensation to injured persons for reasonable and necessary expenses incurred within 2 years from the date of the accident[.]" 21 *Del. C.* § 2118(a)(2)(a).

[23] *Henry II* at 563 (ruling that 21 *Del. C.* § 2363(e) prevents "an employer from obtaining a subrogation lien against an employee for PIP-eligible expenses" as defined in § 2118(h)).